MICHAEL SHIPELIS *vs.* JAMES F. CODY.

Suffolk.　March 10, 1913. — May 21, 1913.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & DE COURCY, JJ.

*Negligence,* In use of highway.　*Automobile.*

In an action for personal injuries, sustained by a boy eight years old and lame, from being knocked down by an automobile owned and driven by the defendant, where there is evidence of negligence on the part of the defendant in having driven swiftly into a street in which there were from five to ten children without giving sufficient warning to attract their attention, if the plaintiff testifies that in crossing the street, where vehicles frequently passed, he did not look up and down and did not see the automobile at all although there were no other vehicles in sight, this does not require a ruling that the plaintiff was negligent, if there is testimony of another witness to the effect that immediately before the accident the plaintiff with other children was standing at a safe place in the street at one side of the course of the approaching automobile and that just as the automobile reached him it turned to the left and knocked him down.

DE COURCY, J.　The plaintiff, a boy eight years old and lame, was injured while on Second Street in South Boston, by an automobile owned and driven by the defendant.　In an action of tort to recover damages therefor the jury found for the plaintiff; and the only question raised by the exceptions is whether the presiding judge* should have directed a verdict for the defendant.

That there was evidence for the consideration of the jury as to the defendant's negligence does not seem to be questioned.　At the time of the accident he was driving an automobile that he had bought the day before, and one Bowman, a demonstrator, was standing on the running board instructing him how to operate the car.　The testimony was conflicting as to speed and as to the sounding of the horn, but it could be found that the car was "going swift," and that no warning was given sufficient to attract the attention of the children, from five to ten in number, who were in the street.　It also could be found that just before the plaintiff was struck he had proceeded two thirds of the way across a street that was between forty and fifty feet wide, in plain

* *Fessenden,* J.

sight from the automobile, yet the defendant testified that he did not see him.

But the defendant strongly urges that the plaintiff was not in the exercise of due care, as shown by his own testimony. If this were the only evidence on that issue it would be difficult to sustain the verdict. The congested sections of a large city sometimes afford children no playground but the public streets, yet in law this condition does not relieve them from exercising reasonable care for their own safety in such dangerous surroundings; and the plaintiff says that in crossing he did not look up or down the street, where vehicles frequently passed, and that he did not see the automobile at all, although there were no other vehicles in sight. The jury however were not obliged to adopt his account of the accident. They could find, on the testimony of the witness Bowman, that immediately before the accident the plaintiff with other children was standing in a safe place in the street, on one side of the course of the approaching automobile, and that just as the car reached him it was turned to the left and knocked him down. If the jury believed that this was the accurate description of the accident, they were warranted in finding that no negligence on the part of the plaintiff contributed to his injury. *Rasmussen* v. *Whipple*, 211 Mass. 546.

*Exceptions overruled.*

*J. J. Donahue,* for the defendant.
*W. W. Clarke,* for the plaintiff.