THE HON. HENRY L. MYERS,
THE HON. ALBERT P. STARK,
THE HON. JOHN A. MATTHEWS, }Associate Justices.
THE HON. ALBERT J. GALEN,

---

BURNS, RESPONDENT, *v.* EMINGER, APPELLANT.

(No. 6,207.)

(Submitted November 22, 1927. Decided December 6, 1927.)

[261 Pac. 613.]

*Personal Injuries—Motor Vehicles—Complaint—Sufficiency—*
*Children—Contributory Negligence—Death—Survival of Ac-*
*tion—Damages—Variance.*

Personal Injuries—Cities and Towns—Driver of Motor Vehicle Striking
    Child on Public Playground—Complaint—Sufficiency.
    1.  Complaint in an action for damages for injuries to and death
    of a child, charging that defendant's servant negligently drove
    a truck across a playground instead of on an adjoining street
    and thus injured the child, failed to keep a proper lookout,
    neglected to have the vehicle equipped with chains, and notwith-
    standing the absence of chains suddenly stopped the truck on
    the icy grade in the playground on which the child was coast-

(79)

ing, thus causing the truck to swing around and strike the child, etc., *held* sufficient to state a cause of action.

Same—Child Under Seven Years of Age not Capable of Being Guilty of Contributory Negligence.

2. A child under seven years of age is *non sui juris* and cannot, as a matter of law, be guilty of contributory negligence.

Same—Contributory Negligence—Conflict in Evidence—Finding of Jury Conclusive.

3. Where the evidence on the question of contributory negligence of plaintiff in a personal injury action is in conflict, the finding of the jury in favor of plaintiff as evidenced by their verdict will not be disturbed on appeal on the alleged ground that the evidence established such negligence

Same—Pleading and Proof—Variance.

4. The complaint in a personal injury action alleged that defendant's truck struck the injured child while coasting; the testimony as to whether this was so or whether the sled struck the truck was in conflict. *Held*, that while it was perhaps difficult to arrive at just how the contact was affected, there was sufficient evidence to sustain the allegation of the complaint and the claim of variance was not available to defendant.

Same—Death—Survival of Action—Damages.

5. Where a child was struck by a motor-truck while coasting in a playground, and rendered unconscious until death seven hours later, the cause of action in favor of the child existing during its lifetime survived its death, it having lived an appreciable length of time after the injury, and, the evidence having shown severe injuries, it showed damage in some amount, and death having followed, a total loss of earning capacity, as against the contention that plaintiff, the father and administrator, had not sustained any damage, and there was no evidence of pain or suffering and none as to life expectancy or probable earning capacity if the child had lived.

---

[1]    Motor Vehicles, 42 C. J., sec. 975, p. 1190, n. 2.
[2]    Negligence, 29 Cyc., p. 539, n. 71.
[3]    Motor Vehicles, 42 C. J., sec. 1165, p. 1288, n. 35.
[4]    Motor Vehicles, 42 C. J., sec. 998, p. 1201, n. 22.
[5]    Death, 17 C. J., sec. 48, p. 1198, n. 90; sec. 258, p. 1366, n. 65. Motor Vehicles, 42 C. J., sec. 1043, p. 1231, n. 18.

2. Contributory negligence of children, see notes in 55 **Am. Rep.** 864; 14 **Am. St. Rep.** 590; 49 **Am. St. Rep.** 408; 1 Ann. Cas. 895; 17 **Ann. Cas.** 353; Ann. Cas. 1913A, 117; **Ann. Cas.** 1913B, 969; 17 **L. R. A.** 78; L. R. A. 1917F, 13. See, also, 19 Cal. Jur. 604, 20 **R. C. L.** 125.

5. Abatement of actions for death of human being, see note in 70 **Am. St. Rep.** 681. See, also, 1 **R. C. L.** 33.

Measure of recovery by parent for minor child's death, see notes in 12 **Am. St. Rep.** 381; Ann. Cas. 1912C, 58; **Ann. Cas.** 1916B, 532. See, also, 8 Cal. Jur. 1016; 8 **R. C. L.** 835.

Character and sufficiency of evidence to show pecuniary loss to parent by death of child, see note in **L. R. A.** 1918C, 1080.

[81 Mont. 79.]

*Appeal from District Court, Silver Bow County; George Bourquin, Judge.*

ACTION by C. J. Burns, administrator of the estate of Clarence J. Burns, Jr., deceased, against John Eminger.  From a judgment for plaintiff, defendant appeals.  Affirmed.

*Mr. John K. Claxton,* for Appellant, submitted a brief and argued the cause orally.

*Mr. T. E. Downey* and *Mr. N. A. Rotering,* for Respondent, submitted a brief; *Mr. Rotering* argued the cause orally

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The defendant, John Eminger, has appealed from a judgment entered in favor of the plaintiff, Clarence J. Burns, as administrator of the estate of Clarence J. Burns, Jr., for personal injuries suffered by the latter, when a truck owned by defendant and operated by his agent collided with a sled on which young Burns, then six years and three months old, was coasting.

1. The first contention of defendant is that the complaint [1]   does not state facts sufficient to constitute a cause of action.

The complaint alleges the death of Clarence J. Burns, Jr., on December 31, 1925, and the subsequent appointment and qualification of plaintiff as administrator; the business of defendant, and employment of a driver of his truck who, at the time of the accident, was acting within the scope of his employment.  It is then alleged that the city of Butte had, long prior to the time of the accident, created a playground for children which it was maintaining at the time of the accident, the dimensions and boundaries thereof being set out in the complaint; that on the thirtieth day of December, 1925, this playground had been flooded and was entirely covered with ice, certain portions of which, being level, were devoted to

skating, and a certain particularly described portion was devoted to coasting; that at the time of the accident children were both skating and coasting on the playground, and among those engaged in the latter pastime was young Burns. The complaint then recites that while young Burns was so coasting on a sled near the foot of the hillside and about three-quarters of the distance from the easterly boundary of the playground, "he was struck, run into and over, and injured" by the truck, from which injuries he died the day following. It is alleged that his injuries "were proximately caused by the negligence, carelessness, recklessness, and want of ordinary care of the defendant, existing by reason of the following facts":

The facts recited include the charges that the driver of the truck, instead of keeping to the streets of the city in making deliveries, took a "short cut" across the playground; that he and the defendant knew, or should have known by the exercise of ordinary care, that children were using the playground, and that by driving a vehicle thereon, children were being exposed to great danger; that the driver did not keep a proper lookout for children coasting on the grounds, and that, when the driver saw young Burns, the latter was in a position of danger and peril which the driver could have avoided by driving his truck "several feet to the north." It is further alleged that the driver and defendant knew that it was dangerous to drive the truck on the steep grade of the coasting grounds, "unequipped, as it was, with wheel chains."

It is alleged that it was possible to have driven the truck farther north, but that, with a clear view of the hillside and seeing young Burns coming, the driver, whose duty it was to sound his horn, gave no warning and did not drive out of the way, but instead stopped his car, and, in doing so, owing to the lack of wheel chains, his truck not being under reasonable control of the driver, "swinging and sluing around at and immediately before" striking young Burns, caused the accident and injury; that young Burns "did not die instantaneously, but survived said injuries an appreciable length of time." It is further alleged that deceased was a strong, able-

bodied boy, and would have enjoyed a long life, and "would have earned much money after he became twenty-one years of age"; that at his death young Burns had a cause of action, and this action survived to the administrator of his estate. The complaint prays judgment in the sum of $25,000.

It cannot be admitted for a moment that the driver of a truck or automobile may, with impunity, for the purpose of saving a moment of time in making deliveries, depart from the public streets and alleys dedicated to travel and "short cut" across land set apart for a playground and upon which children are then playing; especially is this so, if a driver proceeds without keeping a proper lookout to avoid collision with such children, and particularly when children are engaging in the hazardous sport of coasting down a steep and icy grade.

The complaint therefore alleges a legal duty, its violation, and resulting injury, of which the negligence of the driver, imputed to the owner of the truck, was the proximate cause in that he went not only in a place where he should not have been, but upon icy ground and a hillside without taking the precaution of having his vehicle equipped with chains, and then, evidently, set his brakes in an attempt to stop his truck; every driver of an automobile should know the almost inevitable result of setting the brakes on a vehicle without chains when on an icy grade. The complaint is sufficient. (*Bennetts* v. *Silver Bow Amusement Co.,* 65 Mont. 340, 211 Pac. 336.)

2. By answer, the defendant alleged contributory negligence on the part of the child, and now asserts that this allegation was established by evidence that the child had lost control of his sled. This assertion is unavailing for two sufficient reasons:

First, it is generally held that a child under the age of seven [2] years cannot, as a matter of law, be guilty of contributory negligence; a child of such tender years is *non sui juris.* (20 R. C. L. 127, and numerous cases there cited; note, Ann. Cas. 1913B, 969; *Harrington* v. *Butte, Anaconda & Pac. Ry. Co.,* 37 Mont. 169, 16 L. R. A. (n. s.) 395, 95 Pac. 8; *Conway* v. *Monidah Trust,* 47 Mont. 269, L. R. A. 1915E, 500, 132 Pac. 26.)

Second: While the driver and certain of his witnesses testified that the boy had lost control of his sled and was "zigzagging" down the hill, witnesses on behalf of the plaintiff and certain of defendant's witnesses testified that the boy was capable of managing his sled and swerved but once, evidently in an attempt to avoid the truck. Thus a conflict in the testimony was presented, which conflict was resolved by the jury in favor of the plaintiff, and that action precludes us from disturbing the verdict.

3. Defendant contends that there was a fatal variance between the pleading and the proof, in that it is alleged that the truck struck the boy and the proof shows that the boy ran into the truck.

While the evidence shows that the boy struck the truck, it both alleged and proved that this was by reason of the "sluing" of the truck toward him just as he was about to pass it, and witness after witness, including witness on behalf of the defendant, referred to the time "when the truck struck Junior." It is true that the driver and two or three witnesses testified that the truck did not skid to exceed six inches, but other witnesses testified that it swung almost halfway around, thus presenting a conflict in the testimony resolved in favor of the plaintiff.

Again, we doubt that anyone could say just how the contact was effected, and the evidence was sufficient to sustain the allegations of the complaint. (*Haney* v. *Mutual Creamery Co.*, 67 Mont. 278, 215 Pac. 656.)

4. Defendant next contends that the evidence fails to show that the plaintiff sustained any damage. This contention is based upon the assertion that there was no evidence of pain or suffering on the part of the boy, and no evidence of his life expectancy or probable earning capacity, had he lived.

The record shows that the decedent was a child six years and three months old at the time of the collision; that he was rendered unconscious and so remained until his death, which occurred seven hours later at the Murray Hospital, where it was found that he received a broken arm, a broken hip, frac-

tured skull, and minor injuries. The plaintiff was appointed administrator of his child's estate and sued in that capacity on a cause of action existing in favor of the child during his lifetime and which survived his death. It did so survive, as the child lived an appreciable length of time after the injury (*Melzner* v. *Northern Pac. Ry. Co.*, 46 Mont. 162, 127 Pac. 146), and the evidence clearly shows injury and damage in some amount; as the child died, it shows a total loss of earning capacity.

No assignment is made that the verdict is excessive under the proof adduced; the verdict was for $1,500, and, in the absence of such an assignment, the verdict will not be disturbed.

5. Finally, it is asserted that the negligence alleged was not proved, as it was not proved that the accident occurred on the playground. The plaintiff and others testified that the spot described was within the boundaries of the playground and upon private land; that there was no street or road there, but merely a trail made by city vehicles in hauling ashes and the like on to the playground for the purpose of filling in a gulch that passed through it. Even the defendant's witnesses claimed it to be a thoroughfare only because it was where West Copper Street would have run, had it been extended to intersect Jackson Street, which testimony contains the admission that the street had never been so extended, and even here the testimony is conflicting as to whether the place of the accident would have been just off or just within the line of the street, had the street been laid out. There is therefore no merit in the contention.

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and GALEN concur.

Rehearing denied December 22, 1927.