LESAGE, RESPONDENT, *v.* LARGEY LUMBER CO., APPELLANT.

(No. 7,361.)

(Submitted March 26, 1935. Decided April 9, 1935.)

[43 Pac. (2d) 896.]

*Mr. John K. Claxton,* for Appellant, submitted a brief and argued the cause orally.

*Mr. N. A. Rotering,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff, a minor child of the age of eight years and nine months at the time of the accident out of which this action arose, brought this suit through his guardian *ad litem* to recover for personal injuries sustained as the result of an automobile colliding with him on Colorado Street, between Gold and Platinum Streets, in a residential section of the city of Butte.

In his complaint plaintiff alleged the appointment of his father as guardian, the corporate existence of the defendant, and that on September 23, 1932, within the city of Butte, he sustained certain personal injuries, due to the negligent operation of an automobile, the property of the defendant, by one of its employees. The particular acts of negligence alleged were: (a) Failing to have or keep the automobile under control; (b) failure to keep any lookout for others, especially the plaintiff, upon the street; (d) that the driver had defective eyesight; (c, e, and f) by driving the automobile in violation of certain ordinances of the city; and (g) that the driver saw the plaintiff but failed to give any warning by sounding the horn or other means, and ran the automobile against the plaintiff. The complaint contains allegations setting forth in detail the nature and extent of the injuries sustained, and the resulting damages.

A motion to strike was made to eliminate certain specific allegations of the complaint, which was denied by the trial court. We will later notice these somewhat more in detail. After a demurrer to the complaint was overruled, defendant answered denying all of the allegations of negligence and injury, and

alleging affirmatively the defense of contributory negligence. The affirmative allegations were denied by reply. The cause was tried by the court sitting with a jury, and resulted in a verdict for $3,500. Judgment was entered in accordance with this verdict. A motion for new trial was made, heard and denied. The appeal is from the judgment.

In view of the fact that it will be necessary to discuss the evidence and other proceedings occurring at the trial, we will not extend the statement of facts at this point, but refer to these various matters in connection with the discussion later in the opinion.

Defendant assigns error upon the ruling of the trial court in denying its motion to strike. A bill of exception was settled in due season. It does not contain copies of the complaint nor motion to strike, but in lieu thereof, at an appropriate place in the bill, it is stated parenthetically, "Here clerk will insert copy of complaint," and a like reference is made to the motion to strike and the court's order ruling thereon. Plaintiff contends that by reason of the failure of these documents to be copied into the bill of exceptions, defendant may not present this question on this appeal.

The propriety of the use of a skeleton bill of exceptions, and the exact method to be pursued in preparing a record on appeal where it has been used, has been a subject of debate among the members of the bar of this state for many years; and we therefore deem this an appropriate occasion to clarify, if possible, the practice on this point.

The last sentence of section 9388, Revised Codes 1921, relating to bills of exceptions, provides that "documents on file in the action or proceedings may be copied, or the substance thereof stated, or a reference thereto sufficient to identify them may be made when necessary to present the objection." Counsel for the plaintiff cites and relies upon the following statement uttered by this court in the case of *Emerson* v. *McNair*, 28 Mont. 578, 73 Pac. 121, 122: "The bill of exceptions in this case recites that the records and files in the action were offered and used on the hearing, but neither the complaint, summons,

motion for cost bond, nor the proposed answer is incorporated therein." A careful reading of this opinion discloses that this court, although it alluded to many sections of our Code, did not refer to the last sentence of section 1152, Code of Civil Procedure of 1895, which is identical with the above-quoted sentence from section 9388. Other provisions of the section have been changed somewhat from time to time by amendment. The quoted sentence clearly indicates that in the preparation of a bill of exceptions, documents which are then on file with the clerk of court may be incorporated therein by reference thereto "sufficient to identify them." Where the practice authorized by this statute prevails, the document must be identified so that the transcribing officer can, unaided by memory, readily and with certainty determine from the description itself what document or paper is referred to without room for mistake. (*Alabama R. Co.* v. *Dobbs,* 101 Ala. 219, 12 So. 770; *Atchison & N. R. Co.* v. *Wagner,* 19 Kan. 335; *Shurtliff* v. *Extension Ditch Co.,* 14 Idaho, 416, 94 Pac. 574.) The quotation from the *McNair Case,* supra, when read in the light of the rules of this court then in effect, did not refer to the preparation of the bill of exceptions, but rather to the preparation of the transcript.

At present, under Rule VII of this court relative to the arrangement of the transcript, and subdivision *d* thereof, it is provided that papers shall not be repeated in the transcript but may be referred to by appropriate reference. Rule VII, as it was in force at the time of the *McNair Case,* contained no such provision, and this court was there referring to the fact that it would not consider certain documents because they were not incorporated within the bill of exceptions verbatim on appeal. If Rule VII had then contained the provision it does now, a reference would have been sufficient, and by reason of the change in the rules, the language of that decision is without application here.

In order that we may not be misunderstood, we hold that in the preparation of a bill of exceptions, documents need not be set forth verbatim; they may be incorporated by reference,

provided they are identified so that the clerk can, unaided by memory, readily and with certainty determine from the identification itself what document or paper is referred to without room for mistake; but that in the preparation of a transcript on appeal, after the bill of exceptions is settled, documents so incorporated by reference in the bill of exceptions must be set forth at length in the record in lieu of the description incorporated in the bill of exceptions as settled, unless the document is elsewhere found in the transcript on appeal, in which event it may be incorporated by appropriate reference indicating where it may be found, or unless the exhibit is certified to this court in accordance with its rules.

The only defect here present is that the defendant did not in the compilation of the transcript on appeal make appropriate reference to the location of these documents in accordance with Rule VII. However, we are not disposed in this instance to refuse to review the ruling of the trial court for this infraction of the rule, in view of the uncertainty prevailing in the practice heretofore.

Defendant sought, by its motion to strike, to eliminate allegations from the complaint in connection with the specific averments as to negligence, wherein it was alleged in effect that there was nothing to obstruct the view of its driver before he struck plaintiff, for a distance of two or three hundred feet. It is asserted that these are allegations amounting to the pleading of evidence. If the contention of counsel is correct, they should have been stricken, but the evidence to establish these allegations would be properly admissible under the allegations asserting that the driver failed to keep a lookout, and if this evidence under the alleged improper allegations was otherwise admissible, any error on the part of the trial court in denying the motion to strike them could not in any way harm the defendant.

It was also sought to strike the allegation "that the defendant's driver had defective eyesight." Defendant contends that the complaint does not disclose the causal connection between this act of negligence and the injury suffered, in ac-

cordance with the rule announced by this court in *Grant* v. *Nihill*, 64 Mont. 420, 210 Pac. 914. This, however, was one of the acts of negligence which, it is alleged, ''caused the said automobile to run against the plaintiff.'' The connection between the allegations is not clear. However, under the rule of this court that ''whatever is necessarily implied in or is reasonably to be inferred from an allegation is to be taken as directly averred'' (*Linney* v. *Chicago, M., St. P. & Pac. R. Co.,* 94 Mont. 229, 21 Pac. (2d) 1101, 1103, and cases cited), the allegation must be held not vulnerable to a motion to strike.

The following allegation was sought to be stricken: ''And he is again feeling pains where he sustained the said injuries.'' This averment appears in the paragraph of the complaint containing the allegations as to the nature and extent of plaintiff's injuries. Immediately preceding that allegation and as a part of the same sentence separated by a comma only, appeared the following: ''That because of said injuries plaintiff lost several days of school during the present month of September, 1933.'' The latter averment coupled with the allegation under attack by the conjunction ''and,'' under the rule of liberal construction just alluded to supra, clearly discloses that the pleader was stating that the pains then being suffered were because of the injuries sustained. The court was not in error in denying the motion to strike.

At the close of plaintiff's case the defendant made a motion for nonsuit, and at the close of the evidence a motion for a directed verdict upon the ground that it appeared from all the evidence in the case that plaintiff was guilty of contributory negligence. The court instructed the jury on contributory negligence, and it is here argued that the jury disregarded the instructions on that subject, and that under the evidence, applying these instructions, no other verdict was possible than one in favor of defendant, on the theory of contributory negligence. The rulings of the trial court are assigned as error, and it is urged that the verdict is against law for substantially the same reasons. These questions necessitate a consideration of the evidence.

The plaintiff, at the time of the injury, was approximately eight years and nine months old. At about 4:30 in the afternoon on September 23, 1932, a clear day, plaintiff and another boy were playing with a football on the portion of Colorado Street used for the operation of automobiles and other traffic. This street runs north and south. The automobile of the defendant was propelled down the street from the north. The plaintiff described their method of play, after stating that he was on the west side of the street and did not go on the east side at all, as follows: "When playing football I would not run in the direction in which Melvin was standing to get by him. If he missed the ball he would run towards me; if he had the ball he would run towards me, and if I had the ball I would run towards him, and then we would come back to our respective spots." He testified further that before he was injured he had the ball and kicked it to his playmate and returned to his place on the west side of the street; that he did not see the car before it struck him, and he knew that cars were running up and down the street. He said that, immediately preceding his being struck by the automobile, he "was standing still and had been standing still about three seconds before I was hit. Before that three seconds I had kicked the ball to Melvin." His version of the same occurrence on cross-examination was as follows: "I was standing still for about three seconds before I was struck. I just said 'Good bye' to Melvin and I turned around and got hit."

Dolores McGrath, a little girl eleven years of age, who observed the accident from the west side of Colorado· Street, testified that the accident happened quite close to where she was standing, and that she saw the plaintiff before the accident happened. Speaking of the plaintiff, she testified: "He kicked the ball and he was waiting for it to come back to him, and was standing there while he was waiting for the ball to come back, and while he was waiting for the ball the car struck him." She stated on cross-examination that plaintiff was quite close to the sidewalk, and that when ·she saw the car, plaintiff "was just standing waiting for the ball to come back to him."

The witness Ira McDonald, who was the driver of defendant's automobile, testified with reference to the accident that he was driving down Colorado Street about 4:30 in the afternoon of the day in question; that when he crossed Gold Street he saw the plaintiff standing in the street "right off the curb on the east side within two or three feet from the east curb of Colorado Street"; that at the time he first observed plaintiff he (McDonald) was traveling about eight miles an hour; and that he crossed Gold Street and "tooted my horn." He further testified, continuing his description of the accident, as follows: "But I don't think the boy heard the horn because he didn't turn around or anything, and I was watching him all the time, all the way down, and when I got within ten or twelve feet from him he turned around; he didn't see the car at all; he turned to his right and started to run on an angle." The witness testified further that upon observing the boy turning to run, he "clamped on my brakes, my emergency brake and foot brake and threw out my clutch and stopped the car as quick as I possibly could. I imagine I was able to stop the car on that occasion in a distance of fifteen feet."

The witness George Armstrong, who was a colored man, testified on behalf of defendant that he observed the plaintiff kick the football, and a truck came around the corner from Platinum Street traveling north on Colorado, and it only missed the plaintiff a few inches, and he said that when the plaintiff saw the truck had cut him off "from getting on the west side of Colorado Street, he tried to make it to the other [east] side, and before he could make it to this other side," the defendant's car "going south, and just as he got to about three or four feet" beyond the center on the west side of Colorado Street, it struck plaintiff.

On rebuttal the mother of plaintiff testified that on the afternoon of the accident she had a conversation with McDonald, the driver of the car, in which McDonald said he was coming down the street and he saw "plaintiff standing there, not running, standing. He said the boy was standing just a

little off the curb, about twelve feet off the west curb.'' This conversation was denied by McDonald.

The witness Hugh Murphy, an uncle of plaintiff, testified that he arrived at the scene of the accident soon after it occurred, ''and did not see any colored man [meaning Armstrong] there while I was there.''

Mrs. Savage, a witness testifying on rebuttal, said that she resided on Colorado Street near the scene of the accident and heard the children in the street call out that plaintiff had been injured, and she, on coming out of the house, did not observe ''any colored man around there.'' Armstrong testified that he removed the plaintiff from under the car. The witness Burchell testified that he removed the plaintiff from under the car after the accident.

Defendant argues that, taking into consideration the admission of the plaintiff that he did not see the car, and the fact that he could have observed the car had he looked, together with the testimony of McDonald to the effect that plaintiff was on the east side of the street and turned and started to run in front of the car when it was distant about ten or twelve feet, plaintiff was guilty of contributory negligence.

In the case of *Mellon* v. *Kelly*, ante, p. 10, 41 Pac. (2d) ██ 49, 52, we said: ''This court has often announced the rule that upon motion for nonsuit or directed verdict the evidence must be viewed from the standpoint most favorable to plaintiff, and every fact must be deemed proved which the evidence tends to prove. (*Nangle* v. *Northern Pacific Ry. Co.*, 96 Mont. 512, 32 Pac. (2d) 11.) No case should ever be withdrawn from the jury when reasonable men might draw different conclusions from the evidence.''

Defendant cites in support of his contention that plaintiff was guilty of contributory negligence the following authorities: *Apps* v. *Walters*, 216 Mich. 17, 184 N. W. 421; *Zoltovski* v. *Gzella*, 159 Mich. 620, 124 N. W. 527, 134 Am. St. Rep. 752, 26 L. R. A. (n. s.) 435; *Swetzoff* v. *O'Brien*, 226 Mass. 438, 115 N. E. 748; *Jones* v. *Wiese*, 88 Wash. 356, 153 Pac. 330; *Moeller* v. *Packard*, 86 Cal. App. 459, 261 Pac. 315.

If there was no testimony describing the accident other than that of the witnesses McDonald and Armstrong, taken in conjunction with the admission of the plaintiff that he did not see the automobile, these decisions would strongly support the contention of the defendant; but, as we have indicated above, there is testimony in this record quite at variance with the testimony of defendant's witnesses.

It is generally held that a child under the age of seven years cannot, as a matter of law, be guilty of contributory negligence. A child of such tender years is not *sui juris*. (*Burns* v. *Eminger*, 81 Mont. 79, 261 Pac. 613; see, also, *Conway* v. *Monidah Trust*, 47 Mont. 269, 132 Pac. 26, L. R. A. 1915E, 500.) As to children seven years of age or older, the test of whether or not a child was guilty of contributory negligence is: Did he or did he not exercise the degree of care that can ordinarily be expected of children of the same age, taking into consideration their experience, intelligence and capabilities? And, ordinarily, whether or not a child exercised that degree of care is a matter to be submitted to the jury. (*Schroeder* v. *Baumgarteker*, 202 Cal. 626, 262 Pac. 740; *Todd* v. *Orcutt*, 42 Cal. App. 687, 183 Pac. 393; *Richmond* v. *Moore*, 103 Cal. App. 173, 284 Pac. 681; *Hunt* v. *Los Angeles Ry. Corp.*, 110 Cal. App. 456, 294 Pac. 745; *Moore* v. *Bishop*, 113 Cal. App. 25, 297 Pac. 580; *Shipelis* v. *Cody*, 214 Mass. 452, 101 N. E. 1071; *Goodwin* v. *Eugas*, 290 Mo. 673, 236 S. W. 50; *Stehouwer* v. *Lewis*, 249 Mich. 76, 237 N. W. 759, 74 A. L. R. 844; *Sadlowski* v. *Meeron*, 240 Mich. 306, 215 N. W. 422; *Rule* v. *Claar T. & S. Co.*, 102 Neb. 4, 165 N. W. 883; *Townsley* v. *Yellow Cab Co.*, 145 Tenn. 91, 237 S. W. 58.) All these cases concern injuries to children caused by automobiles on streets where the children were from seven to eleven years of age.

Viewing the evidence in the light most favorable to plaintiff, he was not guilty of contributory negligence as a matter of law, and the trial court did not commit error in denying the motion for nonsuit and the motion for a directed verdict. The verdict was not contrary to law, as there was evidence, if be-

'lieved, which would justify the jury in finding the issue of contributory negligence against the defendant.

Over objection of the defendant, the court gave the following instruction: "You are instructed that a child is bound to exercise only the care of those of his own age and understanding, and if you find from a preponderance of the evidence, that Walter Lesage, Jr., who was playing on Colorado Street at the time of the alleged injury was a child at the time of the alleged injury, and that he exercised such care as a reasonable person of his age would exercise under the circumstances of this case, then he was not guilty of contributory negligence which would defeat plaintiff's right to recover in this action." This court in the case of *Mason* v. *Northern Pacific Ry. Co.*, 45 Mont. 474, 124 Pac. 271, as applied to a crossing accident where children fifteen years of age were injured, approved an instruction of like import, and on that authority we hold that the court did not err in overruling defendant's objection.

The court, by its instruction No. 25, took from the consideration of the jury the charge of negligence based upon the city ordinance as to excessive speed. However, over objection of defendant, it, after correctly defining "negligence," told the jury by plaintiff's proposed instruction No. 6: "It may be shown either by proof of failure to obey a positive direction or order of an ordinance or by acts or omissions within the above definition of negligence independent of any enacted ordinance." Over defendant's objection the court gave the following instruction: "You are instructed that a failure to observe the mandates of an ordinance designed to guard against injury to persons or property constitutes negligence *per se;* and if you find from a preponderance of the evidence in this case, that the defendant was guilty of such failure, and that, as a proximate result thereof, plaintiff was injured and suffered damages, as alleged, if any, no further showing of negligence is necessary to warrant a recovery by plaintiff."

It is argued by defendant that the giving of these instructions was error, in that the question of excessive speed, as

prohibited by the ordinance of the city of Butte, was elsewhere withdrawn from the consideration of the jury, and that under the ordinance received in evidence there were no facts before the court to which the ordinance and these instructions might properly apply. Section 39 of this ordinance provided in part: "Any person who drives any vehicle upon a street carelessly and heedlessly in willful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving." If the testimony most favorable to plaintiff was believed, namely, the testimony to the effect that plaintiff was standing on the west side of Colorado Street at the time of the accident, and that the driver of defendant's automobile saw plaintiff when at a distance of two or three hundred feet away, it is apparent that at least the quoted portion of the ordinance applied, and therefore the instructions of which complaint is made were properly given.

Defendant requested the court to give an instruction withdrawing from the jury the allegation of negligence based on the defective eyesight of defendant's driver. The request was denied. The driver admitted on the stand that he was near-sighted, but this defect was corrected by glasses. He did not testify whether he was wearing his glasses at the time of the accident. The witness Armstrong testified that McDonald was wearing glasses at that time; but, as we have pointed out elsewhere, at least two witnesses testified that the witness Armstrong was not present, so that a conflict of the evidence resulted. We think in this state of the record the refusal to give the particular instruction was not error. (*Knott* v. *Pepper*, 74 Mont. 236, 239 Pac. 1037.)

Defendant argues that the evidence is insufficient to warrant the jury in finding that it was guilty of negligence which was the proximate cause of plaintiff's injury. It is urged that the plaintiff did not prove any of his allegations of negligence. Plaintiff had the burden of proving negligence

as alleged, by a preponderance of the evidence, and an inference of negligence cannot be drawn from the bare fact that an injury has occurred. (*Lyon* v. *Chicago, M. & St. P. R. Co.,* 50 Mont. 532, 148 Pac. 386.) Proof of negligence must not be left to mere speculation or conjecture. (*West* v. *Wilson,* 90 Mont. 522, 4 Pac. (2d) 469.) However, negligence may be established by circumstantial evidence. (*Mellon* v. *Kelly,* supra, and cases there cited.)

According to the testimony of defendant's driver, he observed plaintiff when his car was distant some two or three hundred feet from him. He sounded his horn at that point, but believed that plaintiff did not hear him. The evidence of plaintiff and Dolores McGrath, and including the admission testified to by plaintiff's mother—all was to the effect that, as the car approached plaintiff, he was standing still near the curb on the west side of the street. In addition, Mrs. Lesage testified that, as a part of a conversation with the driver following the accident, he said that as he proceeded south along Colorado Street he was "looking for a house number." True, this admission was denied by the driver. After the driver observed plaintiff when he was distant two hundred feet, he was at once charged with a degree of responsibility for plaintiff's safety from any damage resulting to him from the operation of the automobile. This responsibility does not extend to that of an insurer of his safety, but it does hold him to the exercise of a higher degree of care. From that time plaintiff's safety should have been the subject of the driver's anxious solicitude until he had safely passed. He was charged with the knowledge of childish traits. He was bound to proceed with such measure of caution as a reasonably prudent man who faced such a situation would exercise. (*Ruka* v. *Zierer,* 195 Wis. 285, 218 N. W. 358; *Dervin* v. *Frenier and Carmody,* 91 Vt. 398, 100 Atl. 760; *Harkness* v. *Zube,* 182 Minn. 594, 235 N. W. 281; *Forrest* v. *Turlay,* 125 Or. 251, 266 Pac. 229.) The evidence, as we have summarized it, supra, if believed by the jury, was sufficient to warrant a finding that the driver of defend-

ant's car was not exercising the degree of care imposed upon him under the circumstances.

Lastly it is contended that the damages are excessive. One of the grounds of a motion for a new trial as enumerated in section 9397, Revised Codes 1921, is "excessive damages appearing to have been given under the influence of passion or prejudice." Defendant's motion for a new trial contains substantially all of the possible grounds enumerated in the statute, except the one we have quoted. Both the notice of motion and the motion are silent as to any ground which might be construed to refer to excessive damages. In the case of *Mitchell* v. *Thomas*, 91 Mont. 370, 8 Pac. (2d) 639, 643, we said: "The defendant claims the damages are excessive, showing passion and prejudice on part of the jury, but we cannot say as a matter of law that this is so. A motion for a new trial was not made, and the trial judge was not given an opportunity to pass upon this feature of the case. If he had been asked to reduce the amount of the verdict, he might have done so. We have no substantial basis for changing it." (See, also, *Gardiner* v. *Eclipse Grocery Co.*, 72 Mont. 540, 234 Pac. 490; *Kelley* v. *John R. Daily Co.*, 56 Mont. 63, 181 Pac. 326.) Defendant having failed to urge this question in the lower court on motion for new trial, we are precluded from considering the contention here made for the first time.

Judgment affirmed.

ASSOCIATE JUSTICES MATTHEWS, STEWART and MORRIS concur.

MR. CHIEF JUSTICE SANDS, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision.

Rehearing denied May 3, 1935.