No. 12683

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

JERRY RANARD, a minor, by and
through his Guardian, Carl M. Ranard,

Plaintiff and Appellant,

-vs-

KATHY O'NEIL,

Defendant and Respondent.

---

Appeal from: District Court of the First Judicial District,
Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

For Appellant:

Patrick F. Hooks argued, Townsend, Montana
Smith and Harper, Helena, Montana
Charles A. Smith III, appeared, Helena, Montana

For Respondent:

Gough, Booth, Shanahan and Johnson, Helena,
Montana
Ronald F. Waterman argued, Helena, Montana

---

Submitted: January 16, 1975

Decided: FEB 10 1975

Filed: FEB 10 1975

_Thomas J. Kearney_
                                    Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal from a summary judgment granted defendant in a personal injury action in the district court, Lewis and Clark County. The district court held:

> "* * * the defendant, Kathy O'Neil, is entitled to summary judgment, as a matter of law, finding that plaintiff, Jerry Ranard, was guilty of contributory negligence as a matter of law and defendant Kathy O'Neil had no 'last clear chance' as a matter of law".

The summary judgment was granted on the pleadings, answers to interrogatories by both parties, and a deposition of plaintiff. These documents disclose that, on December 7, 1972, plaintiff was struck and injured by an automobile driven by defendant. The indident occurred on a Helena city street at approximately 9:00 p.m. The street was snow packed and icy; it was illuminated by street lights.

Plaintiff, whose eighth birthday was on the day following the accident, was on his way home from a boxing lesson. His instructor had driven plaintiff and his brother to the street in front of their home, double-parking across from their home. The brother, who was a year older than plaintiff, ran across the street, followed almost immediately by the younger boy.

As plaintiff reached the middle of the street, he saw defendant's headlights, stopped, and then ran in an attempt to avoid being struck. Defendant, upon seeing the boy, applied her brakes but was unable to avoid hitting him. Plaintiff was hospitalized for several weeks and continued to wear a cast on his broken right leg for some time thereafter.

Plaintiff, in a deposition taken some eight and one half months after the accident, admitted that he had not looked before he ran into the path of defendant's vehicle. Although he admitted that he knew he should check for traffic, he said that he had just forgotten.

Although the details are not clear, plaintiff did admit to having received some instruction on pedestrian safety, including the traditional stop, look and listen. He could not recall where he had received it, or precisely when it was taught.

The complaint alleged that plaintiff's injuries were proximately caused by defendant's negligent operation of her automobile. The answer denied that allegation and affirmatively alleged that plaintiff's own negligence was the proximate cause of his injury. It also alleged that plaintiff had knowingly assumed the risk of injury and, in a later amendment, that defendant had been confronted with a sudden emergency.

Following discovery, the district court granted defendant's motion for summary judgment, on the grounds stated in the order quoted at the beginning of this opinion. Plaintiff appeals from that judgment, alleging the district court erred in granting the motion.

The rule governing summary judgments is Rule 56, M.R.Civ.P., which provides in pertinent part:

"(c)  * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Defendant, the moving party, has the burden of establishing the absence of any issues of material fact and that she is entitled to judgment as a matter of law. See, e.g. Meech v. Cure, ____Mont. _____, 525 P.2d 546, 31 St.Rep. 637; Beierle v. Taylor, ____Mont. _____, 524 P.2d 783, 31 St.Rep. 554.

With these considerations in mind, we turn to the particular questions raised by this appeal. They are:

(1) Did the plaintiff have the capacity to be contributorily negligent?

(2) If so, was plaintiff contributorily negligent under the facts here?

(3) Was the plaintiff contributorily negligent as a matter of law because of violation of statutory requirements governing pedestrian conduct?

At the outset, we observe that the district court had nothing but the cold record upon which to base its decision--the same record which is before us for review. In particular, the district court was not aided in its assessment of plaintiff's capacity by an opportunity to view his demeanor in court, since he did not appear.

Our treatment of the first two issues is guided by two Montana cases: Lesage v. Largey Lumber Co., 99 Mont. 372, 383, 43 P.2d 896; and Graham v. Rolandson, 150 Mont. 270, 277, 435 P.2d 263. Both deal with alleged contributory negligence by boys between eight and nine years old.

In Lesage the plaintiff, a boy aged eight years and nine months, was struck by an automobile as he played football in a city street. The plaintiff admitted that he had not seen the car that struck him, but could have if he had looked. There was testimony that plaintiff ran in front of the car when it was at a distance of only ten or twelve feet. The jury returned a verdict in favor of the plaintiff and defendant appealed claiming that the district court should either have nonsuited the plaintiff or directed a verdict that plaintiff was contributorily negligent as a matter of law. This Court affirmed, finding evidence sufficient to justify a verdict for the plaintiff.

The following test was suggested in Lesage for the determination of contributory negligence by a minor over the age of seven:

> "Did he or did he not exercise the degree of care
> that can ordinarily be expected of children of the
> same age, taking into consideration their experience,
> intelligence and capabilities?"

The test was recognized as one which ordinarily should be submitted to the jury.

In Graham, an eight and one-half year old boy was killed when struck by an automobile while riding his bicycle on a city street. The only eyewitness who testified was the defendant, whose version of the events was found to be so inconsistent as to warrant little

- 4 -

credence. The relevant issue was whether or not the district court erred in instructing the jury the plaintiff was incapable of contributory negligence as a matter of law.

In Graham, this Court set forth a further test for determination of a child's contributory negligence. A dual inquiry is required covering:

> "(1) The capacity of a particular child in a given case to be contributorily negligent; and (2) the establishment in fact of the particular child's contributory negligence under the circumstances of a given case."

Applying the first part of the test, we held that reasonable men could differ as to plaintiff's capacity to be contributorily negligent, and the district court had erred in removing that consideration from the jury. The evidence showed only the boy's age, his grade in school, his ability to ride a bicycle, and his residence in the immediate neighborhood of the accident.

The rules established by Lesage and Graham indicate a subjective standard. Each case must be measured by its own facts, and the considerations required are difficult to summarize in a general rule. In this context, the capacity of a particular child is his ability to appreciate the danger, either to himself or others, of the act alleged to be negligent. That capacity is determined by his age, experience, intelligence and capabilities. His negligence in fact can only be determined by finding a failure to conform his conduct to a standard of care which he can reasonably observe, given the limitations of his capacity.

In the instant case, plaintiff's responses to the questions recorded in his deposition are commonly phrased in a single word. While this might be typical for a child of his age, when subjected to an unfamiliar deposition process, it says little or nothing about his intelligence.

There is evidence of plaintiff's experience -- he attended school and was instructed in certain rules of safety for pedestrians. Plaintiff could not remember when the instruction was received, where it was received, nor its intensity. We are presented with

some evidence of experience, but the remainder än only be assumed by comparison with others in his age group.

Finally, there is little evidence of plaintiff's capabilities. Related to intelligence, this attribute would determine whether plaintiff was likely to forget instruction received in pedestrian safety; whether he was self-reliant or tended to rely on his older brother's judgment, e.g. in the context of relying on his older brother's decision to cross the street; what his attention span was; and many other relevant considerations, too numerous to detail here.

The record contains insufficient evidence to support a finding that plaintiff had the capacity for contributory negligence as a matter of law. This precludes summary judgment. Plaintiff's actions cannot be found negligent until they are measured by some standard. Plaintiff's standard of care could not be determined until his capacity for contributory negligence was found.

While the evidence produced in the district court might support a jury verdict that plaintiff was contributorily negligent, it cannot support such finding as a matter of law. Reasonable men could differ on the facts presented and thus the requirements of Rule 56, M.R.Civ.P., governing summary judgments, are lacking.

However, defendant asserts that plaintiff violated Montana statutes regulating the conduct of pedestrians, and therefore he was contributorily negligent, as a matter of law. Her argument is that section 32-2178, R.C.M. 1947, sets the standard for determining the care which must be exercised by _any_ pedestrian. That section provides, in pertinent part:

> "(a) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an un- marked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway."

That statute makes no express exceptions for anyone, and certainly not for children. Pedestrians are defined as "any person afoot" and persons include "every natural person". Section 32-2111, R.C.M. 1947.

Authorities recognize the inconsistency inherent in a standard which imposes adult guidelines on children who violate statutes, but applies a lesser-than-adult standard to a child's conduct outside statutory regulation.  See Prosser, Law of Torts, 4th ed. § 36, n.13.

2 Restatement of Torts 2d, § 288A, p. 32, uses this language:

"(1)  An excused violation of a legislative enactment or an administrative regulation is not negligence.

"(2)  Unless the enactment or regulation is construed not to permit such excuse, its violation is excused when

"(a) the violation is reasonable because of the actor's incapacity".

This illustrative comment in § 288A is particularly pertinent here:

"2.  A statute provides that pedestrians shall not step into the street without looking in both directions for approaching traffic.  A, a boy eight years of age, dashes into the street without looking, in pursuit of a ball.  A's violation of the statute may be found not to be negligence if his conduct was reasonable for a child of similar age, intelligence, and experience."

The statutory violation may thus be excused if the plaintiff lacked the capacity for compliance.

The summary judgment for defendant is vacated.  The case is remanded to the district court for further proceedings.

_Frank I. Haswell_
Justice


We Concur:

_____
Chief Justice

_Gene B. Daly_

_John Conway Harrison_

_Wesley Castles_
Justices