DONALD G. NAEGELI and MRS. DONALD NAEGELI, his WIFE, PLAINTIFFS AND APPELLANTS, *v.* CLARENCE S. DANIELS AND MRS. CLARENCE S. DANIELS, his wife, DEFENDANTS AND RESPONDENTS.

No. 10810.
Submitted March 8, 1965. Decided April 14, 1965.
400 P.2d 896.

Tipp & Hoven, Missoula, Vernon Hoven (argued), Missoula, for appellants.

Skelton & Hendricks, Missoula, Thomas Hendricks (argued), Missoula, for respondents.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from a summary judgment entered by the Honorable E. Gardner Brownlee, district judge of the fourth judicial district of the State of Montana, in and for the County of Sanders.

In December 1962, the respondents, Mr. and Mrs. Clarence S. Daniels, by letter, listed a ranch, located in Sanders County with a real estate agent, Duke Sallee of Thompson Falls, Sanders County, Montana. The price was $18,000 with not less than a $1,000 down payment. The appellants, plaintiffs in the district court action, offered Sallee $18,000, but paid and delivered to him only $500. This offer was not accepted by the respondents. There was no written agreement by the respondents to ever take anything less than the $1,000 down payment.

Two documents were before the court at the hearing; the letter of respondents dated December 6, 1962, to Sallee, and a printed Buy and Sell Agreement signed only by appellants.

The controlling law in Montana on such contracts is contained in section 13-606, R.C.M.1947, which states in part:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or his agent * * *

"5. An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; and such agreement, if made by an agent of the party sought to be charged, is invalid, Unless the authority of the agent be in writing, subscribed by the party sought to be charged." (See R.C.M.1947, § 13-606, Note: The amendments to this section, effective January 1, 1965, have no effect upon this case.)

At the time of the hearing on respondent's motion for a summary judgment on November 21, 1963, there were before the court the following pleadings:

. (1) A complaint, alleging a contract .on the basis of a counteroffer;

(2) An answer denying the material allegations of the complaint;

(3) Respondents' demand for admission of facts served on appellants October 15, 1963, and filed October 17, 1963; and

(4) Respondents' motion for summary judgment served November 6, 1963, and filed November 7, 1963.

More than twenty days elapsed between the time of the service of respondents' demand for admissions and the respondent's motion for summary judgment with no response from appellants during the twenty day period.

The appellants' one specification of error is that the court erred in granting the motion for summary judgment.

■ Having failed to reply to the demand for admissions within the time stated, the facts as set forth in the demand are deemed admitted. Rule 36, M.R.Civ.P. These facts show in essence, an offer and a counteroffer, neither of which was accepted in writing and to neither of which was Mrs. Clarence S. Daniels a party. No document had any date upon which possession of said real estate was to be taken by the appellants.

Rule 56(c), M.R.Civ.P., is controlling. This Rule provides in part: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■ To argue as the appellant does, under the record presented to the trial judge, that it was his duty to anticipate that proof could be offered by the appellant under the pleadings is asking for clairvoyance not even possessed by a trial judge. The failure to comply in getting a reply in on the demand for admissions on time precluded the trial judge from doing anything other than granting the motion for summary judgment.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES DOYLE, ADAIR and CASTLES concur.