KARL C. SILLOWAY, Administrator of the Estate of KATHERINE M. SILLOWAY, Deceased, Plaintiff and Appellant, v. LOUIS KENNETH JORGENSON and MARY M. JORGENSON, his wife, Defendants and Respondents.

No. 10915.

Submitted September 13, 1965. Decided October 4, 1965.

406 P.2d 167.

Sorenson & Snyder, Stanley P. Sorenson (argued), Helena, for appellant.

Angland & Marra, Joseph R. Marra (argued), Great Falls, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment entered following an order granting summary judgment in an action brought by plaintiff-appellant Karl C. Silloway, Administrator of the Estate of Katherine M. Silloway, deceased, against defendants-respondents Louis Kenneth Jorgenson and Mary Jorgenson, his wife, in the District Court of the First Judicial District of the State of Montana in and for the County of Lewis and Clark.

The complaint alleges that on August 1, 1960, the deceased Katherine M. Silloway, executed a deed in favor of the Jorgensons covering certain real property located in Lincoln, Montana; that such conveyance recites a consideration of one dollar; that such conveyance was induced through promises of the defendants to care and provide for Karl C. Silloway, the husband of Katherine M. Silloway, for the remainder of his life; that the defendants have not cared or provided for him; that at the time of the transfer, Katherine M. Silloway was mentally incompetent and incapable of making a valid deed and transfer of her property; and that said conveyance was induced through the false and fraudulent representations, artifice and undue influence of the defendants.

The complaint prayed for the cancellation of the deed and the reconveyance of the property to the plaintiff.

The record shows that on August 1, 1960, Mrs. Silloway deeded property in Lincoln, Montana, to the Jorgensons. Mr.

Karl C. Silloway was at all times present during this transaction. At no time did he raise any objection or suggestion either to the conveyance or to the clauses contained in the deed. Mrs. Silloway died 48 days after the conveyance, on September 17, 1960. This action was brought by Mr. Silloway nearly a year after the original probate of Mrs. Silloway's estate was closed. The record further shows that the Silloway family and the Jorgenson family had for many years been close friends, each visiting the other frequently.

The only question having merit in this case is whether the trial court erred in granting summary judgment for the defendants where the plaintiff—as husband and Administrator of his deceased wife's estate—asks for rescission of a deed made by her to the defendants on the ground of her mental incompetence at the time the deed was executed when no medical evidence was before the court.

The other claims set forth by plaintiff—undue influence and misrepresentations—have no basis in fact and are without merit. The plaintiff's deposition denudes these claims of any validity.

The plaintiff claims that, at the time, Mrs. Silloway was without sufficient mental capacity to execute the deed. The only evidence proving or disproving this claim which was before the court were the depositions of Mr. Silloway, Mr. Jorgenson and Mrs. Jorgenson. No medical evidence was filed with the court. The plaintiff argues on appeal that this very lack of medical evidence raises an "inference" that the issue of incompetency is one of material fact demanding trial and voiding summary judgment procedure.

Rule 56, M.R.Civ.P., states in parts pertinent:

"(b) *For Defending Party.* A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move for a summary judgment in his favor as to all or any part thereof.

"(c) *Motion and Proceedings Thereon.* The motion shall be served at least 10 days before the time fixed for the hearing.

The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions *on file* show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *" (Emphasis ours.)

The general purpose of Rule 56 is to promptly dispose of actions in which there is no genuine issue of fact, thereby eliminating unnecessary trial, delay, and expense. 6 Moore Fed.Prac.2d, § 56.11, page 2057 further states:

"A summary judgment is a judgment in bar that results from an application of substantive law to facts that are established beyond reasonable controversy. The purpose of the hearing on the motion for such a judgment is not to resolve factual issues. It is to determine whether there is any genuine issue of material fact in dispute; and if not, to render judgment in accordance with the law as applied to the established facts."

At page 2131, Sec. 56.15 of 6 Moore Fed.Prac.2d that authority states the burden placed upon the party opposing summary judgment in these words:

"* * * the party opposing motion must present facts in proper form—conclusions of law will not suffice; and the opposing party's facts must be material and of a substantial nature, not fanciful, frivolous, gauzy, nor merely suspicions."

The trial court, in considering a motion for summary judgment, has no duty to anticipate possible proof that might be offered under the pleadings. Asking for such foresight demands clairvoyance not possessed by even a trial judge. Naegeli v. Daniels, 145 Mont. 323, 400 P.2d 896.

Mr. Silloway's own deposition removed all doubt as to Mrs. Silloway's mental capacity at the time the deed was executed, and of itself was sufficient to permit the trial judge to determine that the case contained no issue of material fact or controversy relating to incompetency. The deposition reveals these questions and answers by Mr. Silloway:

"Q. Did she handle her own affairs? A. Herself, all her affairs she handled herself.

"Q. She continued to handle them right along? A. She continued to handle them, yes.

"Q. Up until the time she went to the hospital when she died? A. Yes.

"Q. She seemed to manage and take care of her business pretty well? A. Yes, she was a pretty good business woman."

In spite of this testimony, Mr. Silloway testified that on the day the deed was executed, "Mrs. Silloway's mind was in no condition on that date to transact any business * * *." The facts prove otherwise and support the presumption that all persons are of sound mind. R.C.M.1947, section 94-118. (In re Murphy's Estate, 43 Mont. 353, 373, 116 P. 1004, stretches this criminal statute to cover civil areas of the law.)

It is true that on Sunday, the day before the deed was executed, Mrs. Silloway was ill. She requested Mr. Silloway to call the Jorgensons in Great Falls and ask them to come to Lincoln for a visit. At that time, in the presence of her husband, Mrs. Silloway told the Jorgensons she wished them to have the Lincoln property. The Silloways then went to Great Falls with the Jorgensons and spent Sunday night at the Jorgensons' home. The next day Mrs. Silloway carried out her intentions to transfer the property. At her request, the Silloways and Mrs. Jorgenson went to Mrs. Silloway's real estate broker, one Mr. Joseph, and in his offices the deed was drawn up. Mrs. Silloway signed the deed. Mrs. Silloway recorded the deed herself. At all times Mr. Silloway was present and raised no objection whatever, either to the transfer itself or to the clauses to be contained therein.

■ Such activities prove that at the time the deed was executed Mrs. Silloway was not laboring under such a degree of mental infirmity as to make her incapable of understanding the nature of her acts. She was possessed of mentality sufficient to comprehend the nature of her acts and to appreciate and weigh their consequence and effect—the test being not merely that the grantor's mental powers were impaired, but whether she had sufficient capacity to understand in a reason-

able manner the nature and effect of the act which she was doing. See generally 26 C.J.S. Deeds § 54, pp. 721-727; 17 C.J.S. Contracts § 133, p. 854.

Under the circumstances of this case as shown by the depositions on file, the lower court did not err in granting summary judgment and that judgment is hereby affirmed.

MR. JUSTICES JOHN C. HARRISON, ADAIR, DOYLE and CASTLES concur.