No. 12348

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

THE PACK RIVER COMPANY, a corporation,

Plaintiff and Respondent,

-vs-

DONALD W. YOUNG, d/b/a FLATHEAD LAKE
REALTY,

Defendant and Appellant.

---

Appeal from:  District Court of the Fourth Judicial District,
              Honorable Emmet Glore, Judge presiding.

Counsel of Record:

    For Appellant:

        Mulroney, Delaney and Dalby, Missoula, Montana.
        Dexter L. Delaney argued, Missoula, Montana.

    For Respondent:

        Turnage and McNeil, Polson, Montana.
        C. B. McNeil argued, Polson, Montana.

---

                              Submitted:  May 30, 1973

                              Decided: JUN 15 1973

Filed: JUN 15 1973

Thomas J. Kearney
                                            Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal by defendant Donald W. Young, d/b/a Flathead Lake Realty, from a summary judgment granted by the district court of Lake County on June 20, 1972, in favor of plaintiff The Pack River Company.

On or about March 31, 1971, Young represented to Pack River that he was the agent for the owners of certain Flathead Lake property known as the Bird Point property and that he had a listing from the owners for the sale of the property.

On March 31, 1971, Young, as agent for the owners of the Bird Point property, prepared a Receipt and Agreement to Sell and Purchase, a copy of which was attached to plaintiff's complaint as Exhibit "A" and incorporated by reference in Young's answer and cross complaint. Pursuant to the Receipt and Agreement, Pack River deposited the sum of $5,000 with Young as earnest money. The Receipt and Agreement to Sell and Purchase contains a provision that if the seller does not approve the sale within ten days the earnest money would be returned to the purchaser on demand. Neither Pack River nor Young have any copy of such Receipt and Agreement signed by the owners of the Bird Point property.

On or about April 19, 1971, Young, as agent for the owners of the Bird Point property, prepared another Receipt and Agreement to Sell and Purchase, a copy of which was attached to Pack River's complaint as Exhibit "B" and incorporated by reference in Young's answer and cross complaint. This Receipt and Agreement refers to the same Bird Point property, the same total consideration, and recites the same earnest money payment of $5,000 by Pack River; it differs from Exhibit "A" only in the proposed down payment and payment schedule. Exhibit "B", like Exhibit "A", contains a provision that if the seller does not approve the sale within ten days the earnest money was to be returned to the

purchaser on demand. Neither Pack River nor Young have a copy of this Receipt and Agreement signed by the owners of the Bird Point property as sellers.

On May 27, 1971, Young prepared an Addendum to Agreement, a copy of which was attached to Pack River's complaint as Exhibit "C" and incorporated by reference in Young's answer and cross complaint. The Addendum states, in part, that upon approval of all parties at interest it shall be made a part of the April 19, 1971 agreement. Neither Pack River nor Young have any copy of such Addendum to Agreement signed by the owners of the Bird Point property.

On July 13, 1971, and again on July 23, 1971, Pack River demanded that Young return the $5,000 earnest money pursuant to Exhibits "A" and "B". In reply, Young demanded payment of $15,000 for a realtor's commission.

The sole question on appeal is whether the district court was correct in granting Pack River's motion for summary judgment.

In its complaint Pack River seeks return of $5,000 earnest money deposited with Young as a realtor and Young's cross complaint seeks recovery of $15,000 as a realtor's commission; therefore the pleadings of both parties established that both claims are based upon a proposed sale and purchase of real estate.

Section 13-606, R.C.M. 1947, provides in pertinent part:

"What contracts must be in writing. The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or his agent:

"* * *

"5. An agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission."

Section 74-203, R.C.M. 1947, provides:

"Contract for sale of real property. No agreement for the sale of real property, or any interest therein, is valid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or his agent, thereunto authorized, in writing; but this does not abridge

the power of any court to compel the specific
performance of any agreement for the sale of
real property in case of part performance thereof."

Pack River as the movant for the summary judgment had the burden of proving there was no genuine issue of material fact.

On January 5, 1972, the district court ordered Young to produce any and all written documents purporting to establish him as the agent for the owners of the Bird Point property; any and all written instruments to support his claim of having a listing for the sale of the property; and any copy of Exhibit "C" signed by the owners of Bird Point property. Young did not produce any of the documents in response to the district court's order, thus wholly failing to meet the statutory requirements of the statute of frauds.

This Court finds that the pleadings, answers to interrogatories, response to order for production, and hearing on the motion for summary judgment satisfied Pack River's burden of establishing there was no genuine question as to any material fact. The district court was correct in granting judgment for Pack River as a matter of law.

Young failed to establish by material and substantial evidence that there was a genuine issue as to material fact. Hager v. Tandy, 146 Mont. 531, 537, 410 P.2d 447. In his memorandum in opposition to motion for summary judgment, Young recited two arguments purporting to meet his burden of showing a genuine question as to material fact.

Young's first argument was that there was a written memorandum of employment, which was Exhibit "C" attached to Pack River's complaint and incorporated in Young's answer and cross complaint.

In response this this argument, Pack River states that Exhibit "C" on its face requires approval of all parties at interest, including the owners of the Bird Point property, and that upon approval the Addendum shall be made a part of the April 19, 1971 agreement (Exhibit "B"). Although Young claimed under oath to have a copy of the Addendum signed by the owners of the Bird Point property, none was ever produced.

Concerning Young's second argument, the record is absolutely devoid of any pleading, interrogatory, deposition, or any evidence which could be considered by the district court that there had been any performance or part performance of an alleged contract of employment. Both the district court memorandum and Young's brief on appeal contain a statement of counsel, unsupported by any pleadings or evidence in the record, that there was a performance of the alleged contract. Young therefore wholly failed to meet the requirements as set forth by this Court in Silloway v. Jorgenson, 146 Mont. 307, 310, 406 P.2d 167, that the party opposing a motion for summary judgment must present material and substantial facts in proper form and that mere conclusions will not suffice.

Young did not produce any pleading or evidence to support his argument and therefore Brown v. Thornton, 150 Mont. 150, 155, 432 P.2d 386, is authority for affirming the summary judgment:

> "Plaintiff argues on appeal that had he been allowed to go to trial he would have presented further proof that defendants were co-owners of the property and made an agreement to pay for the materials. Notice was given and a hearing had before the motion for summary judgment was granted and again notice was given and a hearing had before plaintiff's motion to vacate judgment was denied. Nowhere in the record is there any hint of this further proof. When on the record there is no genuine issue as to any material fact before the court the burden is on the party opposing the motion for summary judgment to present facts of a material and substantial nature raising a genuine issue. The trial judge has no duty to anticipate possible proof that might be offered. To impose such a duty would be to demand clairvoyance not possessed by even a trial judge. Silloway v. Jorgenson, 146 Mont. 307, 406 P. 2d 167. * * * As to the requirement that there be no genuine issue as to any material fact the granting of the motion for summary judgment was correct."

The order of the district court granting summary judgment in favor of Pack River Company is affirmed.

Chief Justice

- 5 -

We Concur:

_____

_____

_____

John Conway Harrison
Associate Justices.