No. 12638

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

DONALD K. MEECH, d/b/a
MEECH REALTY,

                    Plaintiff and Appellant,

    -vs-

ORIN R. CURE, Executor of the
Estate of CHRIS G. MAYER, Deceased,

                    Defendant and Respondent.

---

Appeal from: District Court of the Twelfth Judicial District,
             Honorable R. W. Thomas, Judge presiding.

Counsel of Record:

    For Appellant:

        Jardine, Stephenson, Blewett & Weaver, Great Falls,
          Montana
        Alex Blewett argued and Jack L. Lewis argued, Great
          Falls, Montana

    For Respondent:

        Cure and Borer, Great Falls, Montana
        Edward W. Borer, appeared, Great Falls, Montana
        Swanberg, Koby, Swanberg and Matteucci, Great Falls,
          Montana
        Raymond F. Koby argued, Great Falls, Montana

---

                    Submitted: June 14, 1974

                    Decided: AUG 2 1974

Filed: AUG 2 1974

                                    Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiff appeals from a summary judgment granted by the district court of Blaine County in favor of defendant.

In February 1973 defendant Orin R. Cure, as executor of the estate of Chris G. Mayer, deceased, filed a return of sale and a motion for an order confirming sale of real estate made under a power of sale contained in the will of Chris G. Mayer. Two parcels of land were involved, one located in Liberty County, the second located in Blaine and Chouteau Counties. The return of sale recited that the Liberty County land had been sold to Ralph I. Schanbacher, Burton O. Croft and Ray Delaney for $467,700, subject to confirmation of the court. The return noted that these purchasers had been obtained by Donald K. Meech, a licensed real estate broker. It also noted that Executor Cure had agreed that if the purchaser procured by the broker made the highest and best offer that Cure would recommend to the court and request that the court allow such broker a $23,000 commission for obtaining a purchaser.

At the hearing on the return of sale of the Liberty County land after considerable bidding by numerous parties, the property was sold to the highest bidder, Walter Passage Farms, Inc. for the sum of $520,000. The court accepted the highest bid and did not award any broker's commission. Thus, any commission for a sale, if any was owed, did not mature. Plaintiff's prospective buyers did not buy.

The executor's return of sale as to the Blaine County land disclosed that a sale of the land had been made by the executor, subject to confirmation, to Charles Hodson and John Mitchell for $958,000. The return noted that no real estate broker was involved in the Blaine County property sale and did not request the payment of any broker's commission.

As was the case in Liberty County the bidding on the Blaine County property was lively. This property was bid in by Mitchell and Hodson for $958,000 and Cure requested the court to confirm the sale. However, at the confirmation hearing a written bid ten percent in excess of the $958,000 was offered and the court opened the sale to further bidding. Ultimately the Blaine

County property was sold to Mr. Schanbacher and Mr. Croft for $1,110,000. No real estate broker was involved in this property; although the same persons were the prospective buyers on the Liberty property.

Prior to the death of Chris Mayer he had listed his Blaine County property for sale with the Flynn Realty of Havre, Montana. Meech was contacted by Flynn and given an opportunity to find a purchaser and one of such persons contacted was Schanbacher, who became interested in purchasing that property. Following the death of Chris Mayer executor Cure, after being made aware of plaintiff's efforts, agreed that if a purchaser procured by plaintiff made the highest and best offer for the property then Cure would petition and request the court to allow a real estate commission of 5%.

The instant action was brought by Aronow, Anderson & Beatty of Shelby, Montana on behalf of plaintiff Meech some four months after the sale occurred and the commission was refused. After summary judgment was granted defendant, plaintiff substituted the law firm of Jardine, Stephenson, Blewett and Weaver of Great Falls in his behalf, and after various motions including a motion for relief from summary judgment, which was denied, this appeal was taken.

Several issues are brought by plaintiff on appeal which we will summarize in this manner:

1. Was summary judgment improperly taken considering the state of the pleadings?

2. Does the statute of frauds bar a claim for a commission under the facts?

The listing agreement relied on by plaintiff runs from the decedent to the Flynn Realty of Havre, Montana. Plaintiff knew that only the Blaine County land was listed on said agreement and in his affidavit in support of a motion for relief from summary judgment he stated that "Mr. Cure took the position that all rights which your affiant may have acquired under said listing agreement terminated upon the death of Mr. Mayer * * *."

Therefore, plaintiff knew when he filed his complaint the terms of

- 3 -

the agreement and was aware that Cure contended there were no enforceable rights thereunder. In addition, at the hearing on the motion for summary judgment plaintiff's counsel stipulated in open court that there was no written agreement to pay a real estate commission.

While plaintiff sets forth several contentions as issues we believe the question of whether or not summary judgment was proper will answer the contentions.

In regard to the granting of summary judgments it has long been established in Montana that the moving party has the burden of establishing that there is no genuine issue of fact to be resolved before such summary judgment will be granted. However, when the record discloses no issue as a material fact, then the burden is on the party opposing the motion to present evidence of a material and substantial nature raising a genuine fact. Mustang Beverage Co. v. Schlitz Brewing Co., 162 Mont. 243, 511 P.2d 1, 30 St.Rep. 565; Pack River Co. v. Young, 162 Mont. 271, 511 P.2d 12, 30 St.Rep. 625.

Here, plaintiff at no time prior to summary judgment questioned that the case was not ready for summary judgment. Then, after adverse trial court determination, sought relief without new facts or amended pleadings. As noted by defendant in his brief, plaintiff claims error, solicits reversal through legal speculation on a "multiple choice basis" as to the sufficiency of his "theories of relief". The only new matter suggested to the court for its consideration was the listing agreement between Chris Mayer and the Flynn Realty Co. which all parties recognized as having expired with the death of Chris Mayer. Section 2-305, R.C.M. 1947. Trenouth v. Mulroney, 124 Mont. 499, 227 P.2d590; 28 ALR2d 1243, 2A C.J.S. Agency §7; 3 Am Jur 2d Agency §§ 60-67.

We will not further discuss the various legal theories propounded by plaintiff to take his case out of summary judgment, other than to add that we find no error on the part of the trial court. The court had before it the only significant issue raised by the pleadings or available to the plaintiff

at the time of the summary judgment which was: Whether defendant was liable to pay the plaintiff a commission absent a written agreement to pay such a commission. The law is clear on this point. By statute, a broker may not collect a realtor's commission absent a valid written agreement.

In addition, plaintiff did not even claim defendant agreed to pay a commission but he premised his allegation on the statement of defendant that he would "petition the court". Clearly plaintiff had no case and summary judgment was properly granted.

Judgment is affirmed.

_____
Justice

We concur:

_____
Acting Chief Justice

_____
Hon. Paul Hatfield, District Judge
sitting in place of Mr. Chief Justice James T. Harrison.

_____

_____
Justices