No. 90-210

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN THE MATTER OF THE ESTATE
OF EDWARD E. LUGER, Deceased.

DAVID J. LLOYD,
        Petitioner and Appellant,

    vs.

INTERMOUNTAIN DEACONESS HOME
FOR CHILDREN, and MONTANA
CHILDREN'S HOME AND HOSPITAL,
        Defendants and Respondents.

'90 SEP 5 AM 10 48    FILED
ED SMITH, CLERK
MONTANA SUPREME COURT

APPEAL FROM:    District Court of the Sixteenth Judicial District,
                In and for the County of Rosebud,
                The Honorable Kenneth R. Wilson, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Craig W. Holt, Esq., Billings, Montana

        For Respondent:

        John R. Sullivan, Esq., Helena, Montana
        Garry P. Bunke, Esq., Miles City, Montana
        Jodie L. Johnson, Esq., Luxan & Murfitt, Helena,
        Montana


                        Submitted on Briefs:  July 19, 1990

                                Decided:  September 5, 1990

Filed:

_____
                    Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

David J. Lloyd, nephew to the deceased Edward E. Luger, appeals the summary judgment of the Sixteenth Judicial District Court, Rosebud County, which found Edward E. Luger's will valid. In his will, Luger devised all of his estate to Montana Children's Home and Hospital and Intermountain Deaconess Home for Children, both located in Helena, Montana. The District Court held that no genuine issue of fact existed with regard to Luger's testamentary capacity and that Luger's will was valid as a matter of law. We affirm.

Lloyd raises the following issue:

Did the Sixteenth Judicial District Court properly grant the Motion for Summary Judgment filed by the respondents Montana Children's Home and Hospital and Intermountain Deaconess Home for Children?

One-hundred-year-old Edward E. Luger died testate on February 15, 1988. He never married or had children. His surviving heirs were five nieces and two nephews, all of whom lived out-of-state and had little personal contact with Luger throughout the years. In his 1980 will, Luger devised his entire estate equally between Montana Children's Home and Hospital (Shodair) and Intermountain Deaconess Home for Children (Deaconess), both located in Helena, Montana. Luger's charitable intent of his 1980 will was consistent with his intent in a previous will dated 1948 and an unsigned copy of a 1976 will with the exception of adding Deaconess as a

2

beneficiary in the 1980 will. Additionally, Luger specifically stated in his 1980 will that his nieces and nephews were to receive nothing from his estate because of their previous inheritances from Luger's deceased parents' estates.

David J. Lloyd, nephew to Luger, filed a petition contesting probate of the 1980 will on February 13, 1989, pursuant to § 72-3-308, MCA. Although Lloyd had not seen Luger since 1947, Lloyd claimed that Luger had been subject to undue influence by Robert Martinek, Luger's accountant and the personal representative of Luger's estate. Martinek was not a named beneficiary of the 1980 will. Additionally, Lloyd claimed that Luger was not of sound mind when he executed his 1980 will. Respondents Shodair and Deaconess moved for summary judgment, which was granted by the District Court on March 21, 1990. From this judgment, Lloyd appeals.

Rule 56(c) of the Montana Rules of Civil Procedure provides in part:

> The judgment sought shall be rendered forth-with if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Emphasis added.)

Lloyd argues that summary judgment was granted improperly by the District Court because disputed facts exist concerning Luger's testamentary capacity, and these facts should be presented to a jury for determination. First, Lloyd asserts that there are

3

disputed facts with regard to Robert Martinek's undue influence over Luger, and cites the five criteria for establishing undue influence as set forth in Christensen v. Britton (Mont. 1989), 784 P.2d 908, 911, 46 St.Rep. 2223, 2227 (citations omitted):

> (1) Confidential relationship of the person attempting to influence the testator;
>
> (2) The physical condition of the testator as it affects his ability to withstand influence;
>
> (3) The mental condition of the testator as it affects his ability to withstand the influence;
>
> (4) The unnaturalness of the disposition as it relates to showing an unbalanced mind or a mind easily susceptible to undue influence, and
>
> (5) The demands and importunities as they may affect the particular donor taking into consideration the time, the place, and all the surrounding circumstances.

All of the above factors must be satisfied to prove that undue influence occurred. Christensen, 784 P.2d at 911.

Lloyd argues that the District Court, in its order for summary judgment, implied that doubt existed as to whether Lloyd could satisfy four of the five criteria with regard to Martinek's undue influence over Luger. Accordingly, Lloyd argues that this implication means that disputed facts exist with regard to Martinek's undue influence upon Luger. The District Court, however, found that Lloyd could prove none of the criteria. Moreover, the District Court specifically discussed the "naturalness" versus the "unnaturalness" of the disposition--the fourth criteria of

4

<u>Christensen</u>. The District Court reasoned that because Luger's charitable intent in his 1980 will was consistent with his intent in his 1948 will and the unsigned copy of the 1976 will, Luger's disposition to Shodair and Deaconess appeared quite natural. Even though the District Court did not elaborate on all five <u>Christensen</u> criteria, it is clear that Lloyd could not satisfy the fourth criteria, and thus, in any event, could not prove undue influence. Accordingly, Lloyd's first argument fails.

Second, Lloyd argues that summary judgment was improper because disputed facts exist with regard to Luger's competency and argues that Luger was not of sound mind in 1980 when he executed his will. Lloyd bases this argument upon the depositions of Lois Fellows, Luger's niece, and Faye Luger, Luger's nephew. Rule 56(e) of the Montana Rules of Civil Procedure provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Both Lois Fellows and Faye Luger had little personal knowledge or contact with Luger over the years, and their depositions were based on their opinions and speculations, rather than on any substantive evidence. "Mere conclusory or speculative statements are insufficient to raise a genuine issue of material fact." Mayer Brothers v. Daniel Richard Jewelers, Inc. (1986), 223 Mont. 397, 399, 726

5

P.2d 815, 816 (citations omitted).  In contrast, the individuals who had personal knowledge of Luger's mental state, Martinek, Luger's physician, and nursing home personnel, all testified that Luger was mentally competent to execute a will in 1980.  These depositions of Martinek, Luger's physician, and the nursing home personnel, coupled with the presumption that Luger was of sound mind are sufficient to establish that no genuine issue of material fact with regard to Luger's competency existed.  In Re Choiniere's Estate v. Bukvich (1945), 117 Mont. 65, 71-72, 156 P.2d 635, 638. It is also important to note again that Lloyd himself had not even seen Luger since 1947.  Based on the above, we hold that Luger was of sound mind and competent to execute his 1980 will.

Affirmed.

_J. A. Turnage_
Chief Justice

We concur:

John Conway Harrison
John C. Sheehy
William E. Hunt
Diane G. Barz
Justices

6