No. 91-064

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

MARTHA TAYLOR,

      Plaintiff and Appellant,

v.

JOHN AUSTIN KOSLOSKY,

      Defendant and Respondent.

FILED

JUL - 2 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Thomas J. Murphy; Conklin, Nybo, LeVeque & Murphy,
Great Falls, Montana

      For Respondent:

          Joseph R. Marra; Marra, Wenz, Johnson & Hopkins,
Great Falls, Montana

Submitted on Briefs: May 23, 1991

Decided: July 2, 1991

Filed:

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

The plaintiff Martha Taylor appeals the order of the Eighth Judicial District Court, Cascade County, granting summary judgment to the defendant John Koslosky. The court determined that Taylor failed to raise a genuine issue of material fact and that there was no evidence of actual or constructive fraud, undue influence or breach of fiduciary responsibility. We affirm.

Taylor raises the following issue on appeal:

Did the District Court err in determining that there was no genuine issue of material fact regarding whether the decedent Oswald Koslosky executed trust documents disinheriting his daughter Martha Taylor as a result of undue influence by his son?

On September 25, 1984, Oswald Koslosky created a trust whereby his four children were to receive equal shares of the trust corpus existing at the time of his death. Oswald Koslosky died testate in Great Falls, Montana in July of 1987 at the age of 85. He was survived in part by four adult children: Marjorie Wolford, of Klamath Falls, Oregon; Mary Lawrence of Little Falls, Minnesota; Martha Taylor of North Home, Minnesota, plaintiff here; and John Koslosky of Great Falls, Montana, the defendant.

Prior to his death, the decedent contemporaneously executed a will and an amendment to the trust agreement on September 2, 1986. The will is a pour-over will leaving all of Oswald's property to be disposed in accordance with the amended trust. The amended trust document provides:

The donor has four children, namely, MARJORIE LOUISE WOLFORD, MARY FRANCIS LAWRENCE, MARTHA JEAN TAYLOR, and JOHN AUSTIN KOSLOSKY; it is understood and agreed, however, that MARTHA JEAN TAYLOR shall not be a "child" or one of the "children" for purposes of benefitting or becoming a beneficiary under this Trust Agreement. The donor's purpose and intent in excluding MARTHA JEAN TAYLOR from any benefits under this trust result from the receipt or retention by his daughter of other property of the donor during the donor's lifetime which shall be deemed to be in lieu of any right, title, interest, benefits or distributions under this Trust Agreement.

Thus, the new will and trust amendment disinherited his daughter, Martha Taylor, the plaintiff. The other three children remain as beneficiaries under the trust.

The plaintiff filed a complaint on September 2, 1988 to declare the trust amendment invalid, alleging three counts: breach of fiduciary responsibility and undue influence, actual fraud and constructive fraud. Taylor alleged that due to the decedent's suffering from Parkinson's disease, he was not competent to execute the changes to the trust agreement. She further alleged that because of animosity between her and the defendant, the defendant breached his duties as the decedent's fiduciary and exercised undue influence over the father, causing her to be disinherited. The defendant moved for summary judgment and the District Court granted the motion on December 4th, 1990. From this judgment Taylor now appeals, alleging the District Court erred in determining that there were no genuine issues of material fact regarding whether the decedent executed the trust documents as a result of undue influence by his son.

Summary judgment is governed by Rule 56(c) of the Montana Rules of Civil Procedure, which provides in pertinent part:

3

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is <u>no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law</u>. (Emphasis added.)

This Court has held that in order for summary judgment to issue, the movant must show there is no genuine issue as to all facts considered material in light of the substantive principles entitling the movant to a judgment as a matter of law. Frigon v. Morrison-Maierle, Inc. (1988), 233 Mont. 113, 117, 760 P.2d 57, 60; Cerek v. Albertson's, Inc. (1981), 195 Mont. 409, 411, 637 P.2d 509, 511. If the movant meets this burden, the burden then shifts to the non-moving party to demonstrate a genuine issue of a material fact. <u>Frigon</u>, 760 P.2d at 60. "Mere denial or speculation will not suffice, the non-moving party must show facts sufficient to raise a genuine issue." <u>Frigon</u>, 760 P.2d at 60; Gamble Robinson Co. v. Carousel Properties (1984), 212 Mont. 305, 312, 688 P.2d 283, 287.

In Montana, undue influence is defined by statute. The statute provides:

> **28-2-407.   What constitutes undue influence.**   Undue influence consists in:
>      (1)   the use by one in whom a confidence is reposed by another or who holds  a real or apparent authority over him of such confidence or authority for the purpose of obtaining an unfair advantage over him;
>      (2)    taking an unfair advantage of another's weakness of mind; or
>      (3)    taking a grossly oppressive and unfair advantage of another's necessities or distress.

In construing this definition, Montana courts consider the same criteria in determining whether a donor making a gift or a testator

4

executing a will was subject to undue influence at the time the gift was made or the will executed. Cameron v. Cameron (1978), 179 Mont. 219, 229, 587 P.2d 939, 945. The criteria are well-settled in Montana case law. They are:

> (1) Confidential relationship of the person attempting to influence the testator;
> (2) The physical condition of the testator as it affects his ability to withstand influence;
> (3) The mental condition of the testator as it affects his ability to withstand the influence;
> (4) The unnaturalness of the disposition as it relates to showing an unbalanced mind or a mind easily susceptible to undue influence, and
> (5) The demands and importunities as they may affect the particular donor taking into consideration the time, the place, and all the surrounding circumstances.

Matter of Estate of Luger (Mont. 1990), 797 P.2d 229, 231, 47 St.Rep 1642, 1644; Christensen v. Britton (1989) 240 Mont. 393, 398, 784 P.2d 908, 911; Blackmer v. Blackmer (1974), 165 Mont. 69, 75, 525 P.2d 559, 562. To prove an assertion of undue influence one must satisfy each of these criteria. Christensen, 784 P.2d at 911.

This Court recently held that summary judgment is proper in a case where the party contesting a will failed to demonstrate a material fact issue regarding the naturalness of the disposition. In Matter of Estate of Luger, supra, 797 P.2d at 231, the decedent devised his entire estate equally between Shodair Childrens' Homes and Intermountain Deaconess Childrens Home in his 1980 will. Decedent's charitable intent in this will was consistent with his intent in a previous 1948 will and an unsigned copy of a 1976 will with the exception of adding Deaconess as a beneficiary in the 1980 will. In addition, the decedent specifically stated that his

5

nieces and nephews were to receive nothing from his estate because of previous inheritances from the decedent's deceased parents' estates. A nephew contested the will on the ground of undue influence. Examining the criteria set forth above, we held that the nephew failed to demonstrate a material fact issue regarding the naturalness of the disposition. Luger, 797 P.2d at 231.

In this case, Taylor has also failed to meet her burden of showing disputed material facts regarding whether the disposition was unnatural. In her deposition, the plaintiff did not present any facts to controvert that the decedent's will accomplished exactly what the decedent intended it to do. Taylor merely alleges that because her brother was acting as the decedent's fiduciary, and that because of alleged animosity between her and her brother, he exercised undue influence over the decedent to have her cut out of the will. This is insufficient:

> Mere general influence in the affairs of life or method of living at the time of the execution of a will by a testator is not proof of undue influence in the contemplation of our statute, and, in order to establish it as a fact, it must be shown by proof that it was exercised upon the mind of the testator directly to procure the execution of the will. Mere suspicion that undue influence may have or could have been brought to bear is not sufficient. It is never presumed, and must be proven like any other fact. (Emphasis added.)

Blackmer, 525 P.2d at 563. In Blackmer, this Court reversed a trial court's finding of undue influence. This case is an appeal from summary judgment. When a motion for summary judgment is made and supported an adverse party may not rest upon the mere allegations or denials of his pleading, but his response must set forth specific facts showing that there is a genuine issue for

6

trial. If he does not so respond, summary judgment, if appropriate shall be entered against him. Rule 56(e), M.R.Civ.P. Thus, on a motion for summary judgment

> the party opposing the motion must present facts in proper form--conclusions of law will not suffice; and the opposing party's facts must be material and of a substantial nature, not fanciful, frivolous, gauzy, nor merely suspicious.
> The trial court . . . has no duty to anticipate possible proof that might be offered under the pleadings. Asking for such foresight demands clairvoyance not possessed by even a trial judge.

Silloway v. Jorgenson (1965), 146 Mont. 307, 310, 406 P.2d 167, 169. Taylor introduced into evidence nurses' reports indicating that the decedent was confused and disoriented at times surrounding the execution of the will and trust amendment. However, with respect to whether the decedent was competent to execute the trust amendment or was subject to undue influence from his son, these notes are speculative at best. The deposition testimony of the attorneys who worked on the amendment indicates that the decedent was competent at the time the trust amendment was executed. Furthermore, Taylor also offered the affidavit of her own counsel regarding a telephone conversation counsel had with the decedent's treating physician. In the transcription of the phone call the physician indicated that he believed that the decedent was competent to execute the trust amendment and that he saw nothing to indicate that he was unduly influenced by anyone.

The testator's intent in excluding Martha was clear in the trust instrument: "The donor's purpose and intent in excluding MARTHA JEAN TAYLOR from any benefits under this trust result from

7

the receipt or retention by his daughter of other property of the donor during the donor's lifetime which shall be deemed to be in lieu of any right, title, interest, benefits or distributions under this Trust Agreement." Both attorneys who worked on the trust amendment, the decedent's doctor, who was a witness to decedent's execution of the will, and three of Oswald's children testified that the decedent was of sound mind and knew why he wanted to exclude the plaintiff. The record indicates that Martha and her ex-husband had borrowed significant sums of money during the decedent's lifetime which they failed to pay back, and the decedent felt that they had already received their share of his property during his lifetime.

In light of the uncontroverted evidence in the record, there was no question of material fact regarding whether the disposition was natural, the result of undue influence, or that the decedent was incompetent to execute the trust amendment and will.

The order of the District Court is

**AFFIRMED.**

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

8

July 2, 1991

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Thomas J. Murphy
Conklin, Nybo, LeVeque & Murphy
#9-3rd St. No., Ste. 203
Great Falls, MT   59403-2049

Joseph R. Marra
Marra, Wenz, Johnson & Hopkins
P.O. Box 1525
Great Falls, MT   59403-1525


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
　　　Deputy