No. 13012

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

THE STATE OF MONTANA ex rel.
FORREST GOODWIN,

Relator,

-vs-

THE DISTRICT COURT OF THE TENTH JUDICIAL
DISTRICT OF THE STATE OF MONTANA in and
for the County of Fergus, and the HONORABLE
LEROY L. McKINNON, Presiding Judge,

Respondents.

---

ORIGINAL PROCEEDING:

For Relator:

Sandall, Cavan and Edwards, Billings, Montana
A. Clifford Edwards argued, Billings, Montana

For Respondents:

William A. Spoja, County Attorney, argued,
Lewistown, Montana

---

Submitted: April 29, 1975

Decided: JUN 12 1975

Filed: JUN 12 1975

Thomas J. Kearney
Clerk

Justice Gene B. Daly delivered the Opinion of the Court.

This is an original proceeding. Relator Forrest Goodwin petitions for a writ of supervisory control directed to the distri court of the tenth judicial district, county of Fergus, and the Hon. LeRoy L. McKinnon, presiding judge. Relator asks this Court to quash an order of the district court that reversed the justice of the peace court and set a matter concerning violation of an ordinance of the town of Denton, Fergus County, Montana, for trial in the justice court of Lewistown township.

This Court after ex parte application set the matter for hearing and oral argument on April 29, 1975. After oral argument the matter was taken under advisement by the Court.

Relator Forrest Goodwin was charged in justice court, Lewistown Township, Fergus County, Montana by a complaint dated November 12, 1974, with violating section 4-414, R.C.M. 1947. The complaint alleges relator violated section 4-414 in terms of an alleged sale of beer after the hour of 1:00 a.m., in controvention of an ordinance of the town of Denton, Montana.

Relator's counsel filed, in the justice court, a motion to dismiss the complaint and a memo in support thereof, on the ground that the substance of the state's case was not an allegation of a violation of section 4-414, but rather, an allegation speaking to a purported violation of an ordinance of the town of Denton and th therefore, the jurisdiction statutes of the Revised Codes of Monta clearly required that the case be brought in the name of the town of Denton and be prosecuted by that town in its police court.

David Sather, justice of the peace of the Lewistown township, Fergus County, Montana, subsequently ordered the complaint on file against relator be dismissed on the above stated grounds.

Thereafter, the Fergus county attorney appealed justice of the peace Sather's order to the district court, Tenth Judicial

District, county of Fergus, where, after a hearing, District Judge LeRoy McKinnon reversed the judgment of the justice of the peace and remanded the case to the justice court for trial.

The complaint on file clearly establishes that relator was charged with a violation of an ordinance of the town of Denton Fergus County, Montana:

> "That he the said FORREST GOODWIN did then and there willfully,unlawfully and wrongfully sell beer at an establishment licensed under the Montana Beer Act, after the hour of 1:00 o'clock A.M., and before the hour of 8:00 o'clock P.M. of said day, and contrary to the ordinances of the Town of Denton, Fergus County, Montana, so provided; said sale was made by an agent of the Defendant herein." (Emphasis supplied).

It is well established in Montana law that police courts are courts of limited jurisdiction and have such authority as is expressly conferred upon them. State v. Tropf, ____Mont.____ 530 P.2d 1158, 32 St.Rep. 56, 59. Section 4-414, R.C.M. 1947, establishes the closing hours for licensed premises in the state of Montana as 2:00 a.m., and provides authority for a city or town to restrict further the hours within the city or town:

> "* * * provided, however, when any city or incorporated or unincorporated town has any ordinance further restricting the hours of sale of liquor, such restricted hours shall be the hours during which sale of liquor at retail shall not be permitted within the jurisdiction of any such city or town." (Emphasis supplied).

The town of Denton, pursuant to this grant of authority, passed an ordinance further restricting the sale of liquor to 1:00 a.m.

Section 11-1603, R.C.M. 1947, provides in pertinent part:

> "Jurisdiction for violation of ordinances, and civil and criminal jurisdiction. The police court also has exclusive jurisdiction:
>
> "1. Of all proceedings for the violation of any ordinance of the city or town, both civil and criminal, which must be prosecuted in the name of the city or town * * *." (Emphasis supplied.)

Here, we have an alleged violation of a city ordinance which is not a violation of the state law; the town has the authority to ordain on the subject matter and has done so. The police

- 3 -

court in the town of Denton, Montana has exclusive jurisdiction over the matter.

Therefore, a writ shall issue from this Court directing the district court to quash the judgment of that court which reversed the justice of the peace court and directing that the complaint be dismissed.

It is so ORDERED.

_Gene B. Daly_
Justice

We Concur:

_James T. Harrison_
Chief Justice

_Frank I. Haswell_

_John Conway Harrison_

_Wesley Castles_
Justices.

- 4 -